46  525
50  568

## W. S. Jay v. The Board of Education of the City of Emporia.

Board of Education—*Right to Elect Members*.  Outlying and adjacent territory attached to a city of the second class for school purposes is not entitled to elect members of the board of education of the city, to represent said territory, unless such territory contains a population equal to that of any one ward of the city, or its taxable property equals that of any one ward in the city.

### *Error from Lyon District Court.*

The opinion states the nature of the action and the material facts.  Judgment at the December term, 1890, against the plaintiff, *Jay*.  He brings certain rulings here for review.

*J. Harvey Frith*, and *J. Jay Buck*, for plaintiff in error.

*C. N. Sterry*, for defendant in error.

Opinion by Simpson, C.: W. S. Jay caused an alternative writ of *mandamus* to issue from the district court of Lyon county to the board of education of the city of Emporia, to

show cause why he is not permitted to act and serve as a member of the board. He alleged that in 1874 territory lying outside of, but adjacent to, the limits of the city of Emporia, was duly attached to said city for school purposes; that an election was duly ordered and held in 1874 for two members of said board, representing said territory; that from that time until May, 1890, said territory has been continuously represented on said board by members duly elected and qualified; that he was duly elected a member of said board in 1888, and acted as such during the succeeding two years; that he was duly reëlected in 1890, and qualified and acted as such until the 5th day of May, 1890, when a majority of said board excluded him from his seat; and that no election for member of the board was ordered or held in the year 1890, and no successor elected, but that he holds over until a successor is elected and qualified. The board of education filed its answer to the alternative writ, admitting the election of members from the attached territory from 1874 until the last election of Jay; claimed that at an election held in 1889, one Caull claimed to be elected, but the board refused to canvass the vote and declare the result; and that no election has ever since been called by the board. The board admitted that if said outlying territory is entitled to representation and if the said Jay is entitled to hold his office for more than two years, and until his successor is elected and qualified, in such case he is a member of the board; but it alleged the fact to be that at no time before or since the 20th day of March, 1874, has the outlying territory mentioned and described in the alternative writ ever had a population equal to that of the smallest ward in the city of Emporia, and it never has had, during that time, an assessed valuation of property within its limits equal to that of the smallest and poorest ward in the city of Emporia, and that by reason of these facts, said outlying territory is not now, and never has been, entitled to representation on said board of education. Jay filed a motion to quash the answer and return, upon the ground that it contains no defense; and he further moved the

court for a peremptory writ upon the pleadings.    These motions were overruled by the trial court, and these rulings are assigned as errors here.

If the allegations in the return and answer, that the outlying territory never was entitled to representation for want of population and assessed valuation of property equal to that of the smallest and poorest ward in the city, stood alone, there could be no successful contention but that the return and answer stated a complete defense.    The claim of counsel for plaintiff in error, however, is that by reason of the other recitations in the return and answer showing acquiescence for 16 years — a *de facto* representation all that time — that the board of education is estopped from now asserting that the outlying territory is not entitled to representation.    It is also said on behalf of the plaintiff in error that the legality of his election cannot be determined by a *mandamus* proceeding.    The authorities cited to sustain the *de facto* representation are all cases that go to the existence of a school district, or other public corporations.    There is no question here as to the legality or existence, either legal or *de facto*, of the board of education of the city of Emporia.    Jay's action is founded on the theory that the board of education of the city of Emporia is a legal body, and that he is a member of it.    If he had been permitted to meet with the board and participate in its proceedings, a question might have arisen as to whether he was acting as a *de facto* or a *de jure* member of the board. A *de facto* officer is one who is surrounded with the *insignia* of office, and seems to act with authority.    We find difficulty in making an application of the *de facto* principle to the details of this case.    It will not do to say that the board of education of the city of Emporia, by calling elections in the outlying territory from 1874 to 1889, and by permitting persons to act as members from that territory during all that time, has created a *de facto* right of representation.    A public or private corporation may have a *de facto* existence. We all know there are *de facto* officers.    There may be a *de facto* court or office, the legality of which cannot be called in

question except in a direct proceeding by the state, as when a court or office is established by a legislative act apparently valid, under which a court has gone into operation or an office is filled and exercised. There may be *de facto* schools and school-masters, and even *de facto* school-houses. (*Kidder v. Chellis*, 59 N. H. 473.) A man may have a *de facto* wife, being one whose marriage is voidable by decree. (4 Kent's Comm. 36.) But this is about the limit of a principle that has grown out of an imperative public necessity. An office must be created by law; but an officer may be created by place, surroundings, appearances, and circumstances. But this one thing all lawyers agree about: that an office that does not have a *de jure* existence cannot have a *de facto* incumbent. If the outlying territory is not entitled to representation, if there was no such office as member of the board of education from the outlying territory, neither Jay's presence on the board, nor the length of time others had intruded on the board, or other acts of the board, could create an office not provided for by law. We are not considering Jay's action as a member of the board, or how his acts as such might affect third persons or the public. The inquiry he makes is as to whether he is entitled to a seat as a member of the board. To maintain this action, he must show that the board of education in its refusal to recognize him as a member is violating some plain duty enjoined by law. His right depends upon the existence of certain statutory conditions, and these are that the outlying territory he claims to represent contains a population equal to that of any one ward in the city, or that its taxable property equaled that of any one ward in the city. The answer says neither of these conditions ever did exist, and there is nothing recited in the answer that mutilates or destroys the force and effect of the fact stated, either by acquiescence, estoppel, or the previous service of persons as members of the board from the outlying territory. While as to such service their acts might be held good, as those of *de facto* officers, yet they create no succession, or originate no right of representation which by time and acquiescence can ripen into

legal right; and, to succeed, he must show that he was legally elected.

It is not necessary, we think, to consider any other question discussed by counsel, as our decision is based upon the fact that there was no such office as member of the board of education of the city of Emporia from the outlying territory. This decision, being on demurrer to admitted facts, is final, unless the facts are not fairly stated in the answer.

We recommend that the ruling of the district court adverse to the motion to quash the return be affirmed.

By the Court: It is so ordered.

All the Justices concurring.