This suit was filed in the district court of Lynn county in September, 1917, by the appellee, alleging that he was a bona fide resident within the territory embraced in what is known as the Wilson independent district; that he is a taxpayer in said district, and has one child within the scholastic age; that appellant was the duly elected and qualified county judge of Lynn county; that at the regular session of the Thirty-Fifth Legislature of the state an act was duly passed, and approved by the Governor, creating the Wilson independent school district, in said county; that said act defines the boundaries of said district, provides for a board of trustees, defining their powers and authority, authorizes said board to levy, assess, and collect taxes for maintenance and building purposes and to issue bonds in payment thereof, provides for a board of equalization for said district, for the election of trustees, and further alleges *Page 116 
that said act became effective 90 days after adjournment of said session of the Legislature, and was then a valid law relating to and governing the Wilson independent school district; that said act provides that "immediately upon the taking effect of this act the county judge of Lynn county, Texas, shall order an election * * * of seven trustees to serve as trustees of said Wilson independent school district" (section 6); that the appellant, as county judge of Lynn county, has failed and refused, and now refuses, though often requested so to do, to order an election of such trustees as it is and was his duty to do under the terms, provisions, direction, and authority of said act, and that by reason of the failure of appellant to order said election appellee is deprived of the school benefits to which he is entitled as a resident of said district and prays for a writ of mandamus compelling and requiring appellant as such county judge to order an election for the selection of a board of seven trustees for said district. On the 1st day of December, 1917, the appellant filed his original answer, containing a general demurrer and certain special pleas unnecessary to be set out in this opinion. The parties agreed to try the cause in vacation under Vernon's Sayles' Civil Statutes, art. 1714. In accordance with said agreement the case was tried before the court without a jury, resulting in a judgment for the appellee awarding him the writ of mandamus as prayed for. Under several assignments of error it is insisted that the court erred in overruling appellant's general demurrer because the special act creating the district is in conflict with the general laws governing independent school districts, in that it does not repeal the general law as announced in Vernon's Sayles' Civil Statutes, art. 2851. The proposition is further urged that the special law creating an independent district, which provides that the trustees thereof shall have the power to levy and collect an ad valorem tax not to exceed 50 cents on the $100 valuation, for the maintenance of schools in said districts and to collect a further tax of twenty-five cents on the $100 valuation for the purchase of sites and for purchasing, constructing, equipping, and repairing said school buildings, is void because such authority is not given by article 7, § 3, of the Constitution.
Under the second assignment appellant insists that the court erred in granting the mandamus for the reason that the evidence shows that the territory embraced within the district so created did not have at the time the act became operative as many as 150 scholastic population within the district, and for such reason is violative of the provisions of Vernon's Sayles' Civil Statutes, art. 2856. A solution of the questions presented may be arrived at better by a general discussion of the law and the issues presented than by consideration of the assignments and propositions thereunder separately. It is our opinion that the act is not unconstitutional Article 7, § 3, of the Constitution, as amended and declared to be adopted September 24, 1909, provides that the Legislature may form school districts by general or special law, without the local notice required in other cases of special legislation, and further, that the Legislature may authorize an additional ad valorem tax to be levied and collected within all school districts heretofore formed or hereafter formed, for the further maintenance of public free schools, and the erection and equipment of school buildings there-in if authorized so to do by a majority vote of the taxpaying voters of the district, and provided further that such tax shall not exceed in any one year 50 cents on the $100 valuation.
When the people framed and adopted this article of the Constitution as amended, authorizing the Legislature to form school districts by either general or special laws, it was intended to give the lawmaking body the right to enact a general statute under which districts might be formed by the inhabitants of the territory to be included, taking the necessary steps to bring themselves within the meaning and terms of such general law. We think it is equally clear that the Legislature was authorized by this same article and section of the Constitution to create districts by special act, as in the case under consideration. The enactment of the general statute by one Legislature did not preclude either that body or a subsequent Legislature from incorporating school districts by special acts. The disjunctive conjunction "or" may be substituted by the copulative conjunction "and" in deference to the meaning and intent of the people. Witherspoon v. Jernigan, 97 Tex. 98, 76 S.W. 445. The enactment of the general law did not exhaust the power of the Legislature. Clearly the authority given the Legislature is to create districts, not by either method, but by both, if it was thought advisable.
The fundamental principle in construing Constitutions is to ascertain the intent of the framers. It would be neither wise nor expedient to hold that a general act under which one community might become a school district would deprive another community of becoming an independent district by special law. In view of the express authority given by the Legislature to create districts by both general and special law there can be no conflict between the acts referred to. Dallas County v. Plowman,99 Tex. 509, 91 S.W. 221.
Since the express authority is given the Legislature to form districts by both special and general laws and to authorize the collection of a tax to erect and equip school buildings, and to maintain the schools and buildings, it must be held that there is *Page 117 
vested in the Legislature an implied authority to purchase the land upon which to erect the buildings and establish the schools. While in many communities public spirited citizens have been found who have donated grounds for building purposes, the framers of the Constitution did not contemplate that this would be done in all cases and without implied authority to purchase grounds upon which to erect the schools the clearly expressed will of the people to promote the establishment of public schools throughout the state cannot be given effect in the absence of such public benefactors without the implied authority to purchase land for building and campus purposes. As said in 12 C.J., p. 719:
"It would not be practicable, if possible, in a written Constitution, to specify in detail all of its objects and purposes or the means by which they are to be carried into effect. Such prolixity in a Code designed as a frame of government has never been considered necessary or desirable. Therefore constitutional powers are often granted or restrained in general terms, from which implied powers and restraints necessarily arise. The implied powers and restrictions to be found in constitutional provisions are therefore a very important element to be considered. It is an established rule of construction that, where a Constitution confers a power or enjoins a duty, it also confers by implication all powers that are necessary for the exercise of the one or for the performance of the other."
The judgment is affirmed.
HUFF, C.J., not sitting being absent in Austin, serving with committee of judges on writs of error for Supreme Court.