### JENKINS v. AUTRY et al. (No. 2208.)*

(Court of Civil Appeals of Texas. Amarillo. Nov. 21, 1923. Rehearing Denied Dec. 19, 1923.)

1. Statutes ⬉76(2)—Special act creating school district held not void because of general law.

Local and Special Laws 36th Leg. Third Called Sess. (1920) c. 72, creating the Dalhart consolidated independent school district, *held* not void because of the general law providing a method of organization for such districts under Const. art. 3, § 56, prohibiting the passage of local or special laws regulating the affairs of school districts, where a general law can be made applicable, in view of article 7, § 3, authorizing formation of school districts "whether created by general or special law," without the local notice required in other cases of special legislation.

2. Statutes ⬉76(2)—Act held not invalid because authorizing school trustees to levy taxes as are provided for under the general laws.

Local and Special Laws 36th Leg. Third Called Sess. (1920) c. 72, vesting in the trustees of the Dalhart consolidated independent school district such rights, and powers of levying and collecting taxes for school purposes

"as are provided under the general laws," is not invalid as authorizing the trustees themselves to levy taxes authorized by the act for such purposes.

3. Schools and school districts ⬉46—Act held not invalid as giving trustees control to exclusion of state board of education and state superintendent.

Local and Special Laws 36th Leg. Third Called Sess. (1920) c. 72, provides for exercise of the powers of the trustees of the Dalhart consolidated independent school district under the general law, and hence is not invalid as giving them exclusive control of the affairs of the district, to the exclusion of the state board of education and state superintendent.

4. Officers ⬉19—Act authorizing appointment of assessors and collectors by school trustees held not obnoxious to antinepotism statutes.

Local and Special Laws 36th Leg. Third Called Sess. (1920) c. 72, authorizing the board of trustees of Dalhart consolidated independent school district to appoint assessors and collectors, *held* not obnoxious to Pen. Code, §§ 381, 387, as permitting payment of compensation from public funds to persons related to the trustees, since the appellate court cannot presume that such act will be violated.

5. Officers ⬉30—Acts of city assessor and collector as assessor and collector for school district held void.

The acts of a city secretary, assessor, and collector, as assessor and collector for a school district, *held* void because of his holding two offices.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Suit by J. R. Jenkins against D. E. Autry and others. From a judgment modifying and setting aside a temporary injunction in part, plaintiff appeals. Affirmed.

R. E. Stalcup, of Dalhart, for appellant.
Tatum & Strong and Bailey & Richards, all of Dalhart, for appellees.

RANDOLPH, J. Appellant brought this suit against the Dalhart consolidated independent school district and its tax assessor and tax collector, and the board of trustees for such district, praying that they be enjoined from collecting certain taxes upon appellant's property, situated in said district, for the years of 1921 and 1922. The grounds upon which such relief was asked and the questions material thereto will be developed in our discussion of the case. The trial court granted a temporary injunction, and, the cause coming on to be heard on its merits, that court entered its judgment perpetuating its temporary injunction in so far as it enjoined the defendants from attempting to collect the taxes levied and assessed against the property of plaintiff for the years of 1921 and 1922, but modified the temporary injunction in so far as it prevented the board of trustees from thereafter making an assessment and levy on the plaintiff's prop-

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused January 30, 1924.

erty for the years 1923 and future years, and modified and set aside the temporary injunction also in so far as it held void chapter 72 of the Third Called Session of the Thirty-Sixth Legislature of Texas, that being the act creating such district.

The special act creating the consolidated district, after providing for its creation and setting out the boundaries in section 1, provides in section 2 as follows:

"Sec. 2. The said Dalhart consolidated independent school district shall have and exercise, and is hereby vested with the rights, powers, privileges, and duties, of a town or village incorporated under the general laws of the state of Texas for free school purposes only; and the board of trustees for the said Dalhart consolidated independent school district shall have and exercise, and is hereby vested and charged with all the rights, powers, privileges, and duties conferred and imposed by the general laws of this state upon trustees of independent school districts created and organized for school purposes only under the general laws of this state. Among the rights, powers, privileges, and duties, herein mentioned shall be the rights and powers of levying and collecting taxes, for the issuance of bonds and erection of school-houses and for purchasing sites and equipment therefor, and for the maintenance of the public schools in said district, as are provided under the general laws for the levying and collecting of taxes for the said purposes in towns and villages incorporated for free school purposes only; provided that the school tax heretofore voted and levied in said Dalhart independent school district, in Telshowe common school district No. 10, and Chamberlain common school district No. 12, shall continue to be levied and collected in the territory comprising said districts, respectively, until otherwise ordered or changed by law; and the taxes collected in said Telshowe common school district No. 10, and Chamberlain common school district No. 12, shall be levied, assessed, and collected as heretofore, until changed or abrogated, as provided by law, and when collected, the county tax collector of Dallam county, Texas, shall pay the same over to the treasurer of said Dalhart consolidated independent school district, and all uncollected and delinquent taxes in said common school districts shall, when collected by the county tax collector of Dallam county, Texas, be turned over to the treasurer of said Dalhart consolidated independent school district. The tax heretofore voted in the Dalhart independent school district, as existing at the time of the passage of this act, shall continue to be levied, assessed and collected in said district, as heretofore existing, until abrogated, as provided by law, or until the district created by this act shall, as a whole, vote a school tax."

[1] Appellant, under his first assignment of error, raises the question that a local or special law contravenes section 56, art. 3, of the Constitution of Texas, where, at the time of its passage, there existed a general law that provided a complete method for the organization of such districts. In other words, the creation of the Dalhart consolidated independent school district by special act of the Legislature, was void because the general law provided the method of such organization, and that such act was also void because it was obnoxious to section 56, art. 3, of the Constitution of Texas, which provides as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing: * * *

"Regulating the affairs of counties, cities, towns, wards or school districts; * * *

"Creating offices, or prescribing the power and duties of officers, in counties, cities, towns, election or school districts; * * *

"Regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes; * * *

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted."

Meeting this objection by the terms of the Constitution, it is provided in section 3 of article 7:

"The Legislature may also provide for the formation of school districts," whether created "by general or special law without the local notice required in other cases of special legislation."

In the case of State of Texas v. Brownson, 94 Tex. 439, 61 S. W. 115, discussing the validity of a special act creating the Victoria independent school district, Chief Justice Gaines says:

"In 1883 an amendment of section 3 of article 7 was adopted by a vote of the people, which, among other provisions, contained the following: 'And the Legislature may also provide for the formation of school districts within all or any of the counties of this state, by general or special law, without the local notice required in other cases of special legislation.' Four Legislatures had assembled under the Constitution when this amendment was submitted to the popular vote; and it seems obvious that, when submitted, it was considered that under the then existing limitations upon the Legislature with reference to the public schools, the varied needs of special localities could not be met, and that the purpose of the provision quoted was to give the Legislature a free hand in establishing independent school districts. Being the last expression of the will of the people, any provisions of the Constitution previously existing must, if in conflict, yield to it. We do not see that there were any save that as to special and local legislation, if that be one, and that restriction is expressly removed. But it is argued that the language, 'the Legislature may provide for the formation of school districts,' does not authorize them to create directly a school district. But we do not concur in this proposition. It is clear that the provision was intended to empower the Legislature to establish separate school districts, and in order to provide for them they must first be created. We see no reason why they might not be created by direct act of the Legislature, just as a city government may be created in our state for any city having 10,000

inhabitants or more. The fact that the Legislature was empowered to act by special law shows that it was contemplated that it might be desirable to pass an act creating one district only. The separate school district in question was provided for when the Legislature fixed the limits of the territory and declared that it should constitute an independent district, and provided a governing board for the management of its affairs."

In the case of Cain, County Judge, v. Lumsden, 204 S. W. 115, Justice Hall rendering the opinion, this court held that the power existed in the Legislature to create such districts by either a general law or special act, and that, because the general law provided a method of organizing such districts, the Legislature had not limited itself thereby, so that it could not pass a special act.

In the case of Hill v. Smithville Independent School District (Tex. Com. App.) 251 S. W. 211, construing the Brownson Case above cited, it is held that, having the power to create this district, it naturally follows that the Legislature has the power to enlarge, add to, or alter any district. See, also Houston v. Gonzales Independent School District (Tex. Com. App.) 229 S. W. 467.

[2] Error is also assigned upon that portion of the act which it is alleged authorizes the trustees themselves to levy the tax called for in the act. Such is not our construction of the language of the act. This legislative enactment does not present the question raised in the case of Millhollon v. Stanton Independent School District (Tex. Com. App.) 231 S. W. 332. In that case, not only did the special act provide expressly that the trustees should assess and collect the taxes, but, to clinch the authority of the board in so doing, it was provided that only as to matters not covered by the act "shall the general laws control." While this act, as does the constitutional provision (section 3a, art. 7), lays upon trustees the power and duty to levy and collect the taxes, but this clearly has reference in this act, to their duties and powers as are to be exercised under the general law, and it is expressly so limited by the language of the act, which requires that it be as—

"provided under the general laws for the levying and collecting of taxes for said purposes in towns and villages incorporated for free school purposes only."

[3, 4] The objection that the act gives the trustees the exclusive control of the affairs of the district to the exclusion of the state board of education and the state superintendent is not tenable. The act provides that the powers of the trustees are to be exercised under the general law and the intention of the act is evidently not to interfere with the supervisory or appellate control of the state superintendent or the board of education. Neither is this act obnoxious to sections 381 and 387 of the Penal Code of Texas. The school districts of West Texas, situated in a sparsely settled country, in order to secure the services of assessors and collectors on a money basis, must expend such amounts as seriously impair the ability of school boards to employ teachers and pay the running expenses of the schools. If any member of the board should offer to serve and should serve in the levying and collection of the taxes, without compensation, certainly this would not be a violation of those statutes, and if compensation should be paid such trustee or trustees or any other unauthorized person, it would be a question then of enforcing such statutes in the courts of criminal jurisdiction. We cannot presume that this act will be violated, any more than that the provisions of any other statute will be violated.

We have examined the other errors assigned by appellant, and finding no reversible error therein, we overrule them.

[5] Under authority of the case of Odem v. Sinton Independent School District (Tex. Com. App.) 234 S. W. 1090, we hold that Geo. C. Webster, who was city secretary and city assessor and collector of the city of Dalhart, and was acting as assessor and collector for the Dalhart consolidated independent school district, was holding two offices, and that his acts as assessor and collector of such district during the period of two years from April 8, 1919, are void, and we overrule appellee's cross-assignment.

We think the judgment of the trial court should be sustained; hence it will in all things be affirmed.