

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

ATTORNEY GENERAL

Honorable A. W. Salyars
County Attorney
Dallam County
Dalhart, Texas

Dear Sir:                     Opinion No. 0-5989

Re: Are the elections and
terms of office of the
trustees of Dalhart Consoli-
dated Independent School
District controlled by the
special act of the Legisla-
ture creating said District?
And another question.

We are in receipt of your letter requesting an
opinion on the above questions, together with
your opinion as to the correct answer to same.
We think your conclusions on both questions are
correct. Your letter is as follows:

"Please render me an opinion on my questions
hereinafter stated concerning the following
fact situation:

"The called session of the 36th Legislature
in 1920 passed House Bill Number 67 whereby
the Dalhart Consolidated Independent School
District was formed and created and which
bill has not been repealed, altered or changed
by any subsequent acts of the Legislature.

"Sections 4,5, and 6 of said act have to do
with the Board of Trustees for said School
District, its officers, and the terms of
office of said officers, and trustees, which
sections are as follows:

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"'Sec. 4. The control and management of the Dalhart Consolidated Independent School District is hereby vested in a Board of seven (7) trustees as above provided, viz: O. W. Raillard, Frank B. Farwell, Frank M. Tatum, George E. Walker, Roy W. Thompson, F. E. Thomas, and R. U. Counts, and their successors in office.

"'Sec. 5. Said trustees shall organize as soon after this Act takes effect, as may be practicable, by electing from their number a president, vice-president, and secretary, and may also elect or appoint such other officers and employees as they may deem necessary, who may or may not be members of said Board, and may, if said Board-elects so to do, provide for the assessment and collection of taxes by its own assessor and collector, other-wise said school taxes shall be assessed and col-lected as provided by the General Law, by the County Assessor and Collector of taxes.

"'Sec. 6. The term of office of the seven (7) trustees above named shall be divided into two (2) divisions, as follows: The first three named to serve until the general election of trustees for Independent School Districts, held as provided by law, in the year 1921,and the last four named trustees to serve until the general election of trustees, as provided by law, in the year 1922, and until their successors shall be elected, and shall qualify.'

"My questions arise out of the provisions of said Section 6. For a number of years following the passage of this Act the school trustees of said District were elected as provided in said Section 6, that is three trustees were elected in one year for a two year term, and in the following year four trustees were elected for a two year term, and so on in rotation. However several years ago the provisions of said Section 6 were ignored by the trustees of said School District and instead of electing trustees as

Honorable A. W. Salyars     Page 3

provided therein  the practise of electing
trustees for three year terms was begun; two
elected one year, two elected the following
year, and three the following year, all for
a three year term and so on in rotation.
That practise began over twelve years ago
and obtains today.

"All trustees serving now were elected under
the present arrangement.

"Two questions of local interest have presented
themselves.

"Are the elections and terms of office of the
trustees of Dalhart Consolidated Independent
School District controlled by the special act
of the Legislature creating said District?

"If the above question is answered in the
affirmative please answer this question:
Are the trustees who are now serving and who
were elected for three year terms de facto
officers?

"I am of the opinion that both questions should
be answered in the affirmative.  It is my con-
tention that there has been no law passed since
the enactment of the Special Act which would
change or have any effect whatsoever on Section
6 of said Special Act.  There have been several
laws passed whereby provisions were made for
the election of trustees.  Most of these acts
or articles have to do with particular Districts,
and this School District in question is not
subject to the provisions of any of them because
of the fact that the largest city in this School
District is Dalhart, Texas with a population of
4,691 according to the last Federal Census.  The
only articles that might have applied to the
Dalhart Consolidated Independent School District,
in my opinion, are Articles 2774a, 2757 and 2758.
I do not believe they apply because Article 2774a
provides for Districts created in a certain
manner other than by Special Act of the Legisla-
ture, and the Dalhart Consolidated Independent
School District was in existence prior to the
enactment of Article 2774a and had followed

Honorable A. W. Salyars    Page 4


Section 6 creating said District for several
years.  Article 2758 would not apply in that
Dalhart Consolidated Independent School District
was created by a Special Act and not as provided
in Article 2757.

"The following cases seem to hold quite clearly
that provisions of Special Acts creating school
districts control over general school laws.  I
have failed to find any general law superceding
or attempting to change the Special Act in question
since its enactment.  I refer you to the following
cases; 256 S.W. 672; 277 S. W. 751; and particularly
to Section 7 thereof on page 754; 266 S. W. 607;
238 S. W. 1026; 204 S. W. 115; 203 S. W. 1178; 277
S. W. 97; 61 S. W. 114; 65 S. W. (2) 414; your
opinion No. 0-593; and 85 S. W. (2) 853.  In the
last cited case, Smith vs. Morton Independent
School District, decided by the Court of Civil
Appeals of Amarillo, Texas, in 1935, the Court
upheld the Special Act creating said District
insofar as it provided for the election of three
trustees and held that the election in said
District of six trustees was unauthorized.  That
Court went further and held that the six trustees
were not de facto officers because there was no
de jure office.  I quite agree with that holding,
but I believe the facts in my case clearly show
the trustees to be de facto because the Special
Act provided for seven trustees and seven trustees
have been elected, are recognized as such and are
holding office.  I have no trouble with the second
question propounded to you, but I do need the
weight of your opinion on it.

"I am enclosing a copy of the Special Act creating
the Dalhart Consolidated Independent School District,
which you may use for reference and convenience."

We have heretofore discussed a similar question
in opinion No. 0-593, a copy of which opinion we enclose
herewith.

Honorable A. W. Slayers          Page 5


          We wish to thank you for giving us the benefit
of your research in connection with the questions propounded
by you.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                    By        C. F. Gibson
                                 Assistant

CFG:ned

                         APPROVED MAY 6, 1944

                    (Acting)  ATTORNEY GENERAL OF TEXAS