

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 29, 1992

Honorable Dwight P. McDaniel
Sabine County Attorney
P. O. Box 1783
Hemphill, Texas 75948

Opinion No. DM-172

Re: Whether a petition calling for a county election to adopt the Optional County Road System that contains provisions not authorized under V.T.C.S. article 6702-1, chapter 3, subchapter C, invalidates the petition   (RQ-80)

Dear Mr. McDaniel:

Sabine County asked for the attorney general's opinion whether a petition calling for a county election to adopt the Optional County Road System, V.T.C.S. article 6702-1, chapter 3, subchapter C, is valid where the petition contains provisions in addition to those authorized by subchapter C and provisions contrary to subchapter C, and whether such a petition should be presented to the county voters. We conclude that a petition for election containing material modifications of the Optional County Road System of subchapter C is invalid. and not a proper predicate for calling an election.

Chapter 3 of V.T.C.S. article 6702-1 provides three methods for the administration of county roads. Chapter 3, subchapter A provides that the commissioners court members may act as ex officio road commissioners of their respective precincts with responsibility for road construction, maintenance, and supervision under rules adopted by the commissioners court. V.T.C.S. art. 6702-1, §§ 3.001 - .004. Sabine County has previously adopted subchapter A for the administration of Sabine County roads. Subchapter B authorizes counties to employ one or more road commissioners or superintendents to control or supervise the maintenance or construction of county roads on a county-wide or precinct-wide basis. *Id.* §§ 3.101 - .107. Subchapter C, also known as the Optional County Road System, provides that county roads may be maintained on a county-wide basis by a county road department, under the supervision of the county road engineer or county road administrator. *Id.* §§ 3.201 - .213.

Subchapter C, states that a county, by a majority of the county's qualified voters, may adopt the Optional County Road System. *Id.* §§ 3.201(a), (c). The

Optional County Road System provides that county roads shall be administered on a county-wide basis, rather than a precinct-by-precinct basis, by the county road department. *Id.* §§ 3.203 - .204. The county road department is responsible for construction and maintenance of county roads under the supervision of the county road engineer, who is appointed by the county commissioners, and who acts as chief executive officer of the department. *Id.* §§ 3.202 - .204, 3.208(a), (b). The county road engineer must be a licensed professional engineer; if a professional engineer is not available, the county commissioners may employ a county road administrator. *Id.* § 3.204. The Optional County Road System must be submitted to the county voters for approval if ten percent of the number voting for governor at the last county general election petition for an election on the issue. *Id.* § 3.201(b).

Your question concerns a proposed petition to be submitted to the Sabine County Commissioners Court calling for a county election for the adoption of a "modified unit road system."[1] This petition calls for the adoption of the Optional County Road System, subject to the following modifications: A county road superintendent would be appointed; all Sabine County road maintenance equipment would be sold; the road superintendent would be responsible for putting out bids for road maintenance to private contractors, subject to the approval of the Sabine County Commissioners Court, and supervising the work of the private contractors; the salaries of county commissioners would be rolled-back to the 1972 level of $406.00 per month with expenses of $125.00 per month; and the commissioners court would meet at least two times a month. You ask whether the proposed modifications of subchapter C are valid, and whether the petition is valid.

The right to hold an election is dependent on authority conferred by law. *Countz v. Mitchell*, 38 S.W.2d 770, 774 (Tex. 1931); *Ellis v. State*, 383 S.W.2d 635, 636 (Tex. Civ. App.--Dallas 1964, no writ); *Smith v. Morton Indep. Sch. Dist.*, 85 S.W.2d 853, 857 (Tex. Civ. App.--Amarillo 1935, writ dismissed w.o.j.); *Williams v. Glover*, 259 S.W. 957, 960 (Tex. Civ. App.--Waco 1924, no writ); *Trustees of Indep. Sch. Dist. No. 57 v. Elbon*, 223 S.W. 1039, 1040 (Tex. Civ. App.--Fort Worth 1920, no writ); *see also Coffee v. Lieb*, 107 S.W.2d 406, 409 (Tex. Civ. App.--Eastland 1937, no writ) (holding that where the constitution or statutes prescribe conditions for the holding of an election, there must be substantial compliance with the conditions). In *Smith*, the court stated: "In our form of government elections must be held by virtue of

---

[1] The proposed petition was submitted to the county attorney for review, who submitted the petition to this office for our opinion. The petition has not been circulated to the voters and has not been formally presented to the commissioner's court with the requisite signatures. *See* V.T.C.S. art. 6702-1, § 3.201(b).

some legal authority, and *an election held without affirmative statutory authority or contrary to a material provision of the law is universally held to be a nullity.*" 85 S.W.2d at 857 (emphasis added). The methods for county road administration are limited to those methods authorized by statute or other act of the legislature. *See Canales v. Laughlin*, 214 S.W.2d 451, 454-57 (Tex. 1948) (holding that there was no statutory authority for office of "county road unit administrative officer"); *Guerra v. Rodriguez*, 239 S.W.2d 915, 918-20 (Tex. Civ. App.–San Antonio 1951, no writ) (holding that there was no statutory authority for the office of "ex officio road superintendent").

The "modified unit road system" of the proposed petition materially alters the scheme of subchapter C. The proposed petition contains matters not authorized by subchapter C (such as the requirements that all county road maintenance equipment be sold, all county road work be performed by private contractors, county commissioners' salaries be rolled-back, etc.) and a proposal that is contrary to subchapter C (the requirement that a road superintendent be appointed, rather than a county road engineer or administrator). Because the proposed petition materially alters the scheme of subchapter C, and because there is no other legal basis for holding an election on the various proposed "modifications," we conclude that the petition is invalid.

### S U M M A R Y

Chapter 3, subchapter C of V.T.C.S. article 6702-1, also known as the Optional County Road System, provides a scheme for administration of county roads which may be adopted pursuant to a county election in conformance with subchapter C. However, an election may be held only in conformance with the statutory authorization for the election. Moreover, the statutory methods provided for road administration may not be altered by county election. Therefore, a petition calling for a county election under subchapter C but which materially alters the scheme of subchapter C is invalid and need not be presented to the voters.

Very truly yours,

DAN MORALES
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by Geoffrey Hennessey
Assistant Attorney General