OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 7, 2000

The Honorable Charles S. Brack
Chambers County Attorney
P.O. Box 1200
Anahuac, Texas 77514

Opinion No. JC-0247

Re: Whether a hospital district governed by chapter 286 of the Health and Safety Code may hold an election to increase the maximum tax rate set in its conversion election (RQ-0189-JC)

Dear Mr. Brack:

A hospital district created under chapter 282 of the Health and Safety Code may convert to a hospital district governed by chapter 286 of the same code if a majority of the district's qualified voters approve a ballot proposition to convert. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 282.121, .122(a), .123, .127(a) (Vernon 1992). The ballot proposition presents not only the conversion of a hospital district, but also the "levy of annual taxes for hospital purposes at a rate not to exceed ____ (insert amount not to exceed 75 cents) on each $100 valuation of all taxable property in the district." *Id.* § 282.123. You ask whether a converted hospital district, now governed by chapter 286, that has an approved maximum tax rate of forty cents per one-hundred dollars valuation may hold an election to propose increasing the maximum tax rate. *See* Letter from Honorable Charles S. Brack, Chambers County Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 15, 2000) [hereinafter "Request Letter"]. Because chapter 286 does not expressly provide for such an election, the hospital district may not conduct one.

You inquire on behalf of the Chambers County Public Hospital District No. 1 (the "District"), which, you state, "was organized under" the statutory predecessor to chapter 282 of the Health and Safety Code. Request Letter, *supra*, at 1. In 1991 the District converted to a chapter 286 district in accordance with chapter 282, subchapter G, which allows a chapter 282 hospital district to convert to a hospital district governed by chapter 286. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 282.121-.127 (Vernon 1992); Request Letter, *supra*, at 1. As required by statute, the ballot proposition proposed a maximum annual tax rate for the converted district. *See* TEX. HEALTH & SAFETY CODE ANN. § 282.123 (Vernon 1992); Request Letter, *supra*, at 1. While section 282.123 permits voters to authorize a maximum annual tax rate of up to seventy-five cents on each one-hundred dollars valuation of taxable property in the chapter 286 district, the ballot measure proposed and "the voters . . . authorized a tax rate . . . set at [forty cents] on each [one-hundred dollars] valuation of taxable property in the District." *See* TEX. HEALTH & SAFETY CODE ANN. § 282.123 (Vernon 1992); Request Letter, *supra*, at 1. Now, according to your letter, the District's Board of

Directors "would like to hold an election to raise its maximum tax rate from" forty cents to seventy-five cents "as allowed by section 286.161(b)" of the Health and Safety Code. Request Letter, *supra*, at 1.

A hospital district's authority is limited by applicable constitutional and statutory provisions, as well as any special laws enabling a particular district. *See* Tex. Att'y Gen. Op. No. JC-220 (2000) at 2. A hospital district may be created by general or special law. *See* TEX. CONST. art. IX, § 9. Generally, the terms of a specific enabling act prevail over an incompatible general law. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998) ("Special or Local Provision Prevails Over General"). Because you inform us that the District was "organized under" the statutory predecessor to chapter 282 of the Health and Safety Code, *see id.*, we presume no special laws apply. We answer your question solely with reference to constitutional and applicable general law.

The commissioners court of a county with a population of 75,000 or less may create a hospital district under chapter 282 of the Health and Safety Code if a majority of qualified voters residing in the proposed district approve the district's creation. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 282.002, .003 (Vernon 1992). A chapter 282 hospital district may be converted into a district operating under article IX, section 9 of the Texas Constitution following an election called and held to consider the conversion. *See id.* §§ 282.121, .122. The ballot proposition for the conversion election presents the conversion as well as a maximum tax rate:

> The ballot for the election shall be printed to permit voting for or against the proposition: "The conversion of the _____ County Public Hospital District No. ___ (name of district) from a district operating under Chapter 282, Health and Safety Code, to a district operating under Article IX, Section 9, of the Texas Constitution, and the levy of annual taxes for hospital purposes at a rate not to exceed ____ (insert amount not to exceed 75 cents) on each $100 valuation of all taxable property in the district."

*Id.* § 282.123.

If the proposition passes, the district is governed by article IX, section 9 of the Texas Constitution and by chapter 286 of the Health and Safety Code. *See id.* § 282.127(a); *see also* Master Disposition Table (Vernon 2000) (listing disposition of former article 4494q-1, Texas Revised Civil Statutes, as various sections of chapter 286, Health & Safety Code). Article IX, section 9 of the Texas Constitution authorizes a hospital district to provide "for the levy of annual taxes at a rate not to exceed seventy-five cents . . . on the One Hundred Dollar valuation of all taxable property within such district for the purpose of meeting the requirements of the district's bonds, the indebtedness assumed by it and its maintenance and operating expenses, providing that such district shall not be created or such tax authorized unless approved by a majority of the qualified voters thereof voting at an election called for the purpose." TEX. CONST. art. IX, § 9. Section 286.161 of the Health and Safety Code authorizes the hospital district board annually to

impose property taxes at a rate that does not exceed the maximum rate "approved by the voters at the election authorizing the levy of taxes." TEX. HEALTH & SAFETY CODE ANN. § 286.161(a) (Vernon 1992). Voters may not, of course, be asked to approve a tax rate higher than seventy-five cents on each one-hundred dollars valuation of the district's taxable property. *See id.* § 286.161(b). The district may use the taxes only to pay the district's indebtedness and maintenance and operating expenses. *See id.* § 286.161(c). The district may not use taxes to pay the principal or interest on revenue bonds. *See id.* § 286.161(d).

A political subdivision of the state may hold an election only if it has express constitutional or statutory authority to do so. *See* Tex. Att'y Gen. Op. No. JC-0220 (2000) at 4. "'It is basic to our chosen form of government that the people of this State have no right to vote or hold an election in the absence of some statutory or constitutional provision which provides therefor.'" *Id.* (quoting Tex. Att'y Gen. Op. No. C-380 (1965) at 2). Likewise, "[t]he right to hold an election cannot exist or be lawfully exercised without express grant of power by the Constitution or Legislature." *Countz v. Mitchell*, 38 S.W.2d 770, 774 (Tex. 1931); *see also Ellis v. State*, 383 S.W.2d 635, 636 (Tex. Civ. App.–Dallas 1964, no writ); *Smith v. Morton Indep. Sch. Dist.*, 85 S.W.2d 853, 857 (Tex. Civ. App.–Amarillo 1935, writ dism'd).

Nothing in the constitution or statutes authorizes a chapter 286 hospital district to hold an election to change the maximum tax rate approved in a conversion election. Article IX, section 9 does no more than authorize a hospital district to levy annual taxes at a rate no higher than seventy-five cents per one-hundred dollars valuation on real property. *See* TEX. CONST. art. IX, § 9. Chapter 286 likewise does no more than provide for the setting of a maximum tax rate as part of a conversion or creation election. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 282.123, 286.022(a)(6), .023(e), .026, .028, .161 (Vernon 1992 & Supp. 2000). While chapter 286 provides detailed instructions for the conduct of an election to create a hospital district, *see, e.g., id.* §§ 286.023 ("Filing of Petition; Hearing; Ordering Election"), .025 ("Notice"), .028 ("Commissioners Court Order") (Vernon 1992 & Supp. 2000), it provides no comparable instructions with respect to an election to change the maximum tax rate.

Other statutes, by contrast, expressly provide for elections to change the maximum rate of various taxes. Notably, section 283.122 of the Health and Safety Code, applicable to certain hospital districts not under chapter 286, specifically permits a district to increase "[t]he tax rate approved in the creation of the district" if the proposal is approved by a majority of the qualified voters "who vote in an election called and held for that purpose." *See id.* § 283.122 (Vernon 1992). In addition, a hospital district that is authorized to impose ad valorem taxes (including, we presume, a chapter 286 hospital district) may adopt a sales-and-use tax and may change the rate of the sales-and-use tax in an election called for the specific purpose. *See id.* § 285.061 (Vernon Supp. 2000); *cf., e.g., id.* § 775.0742(b) (Vernon Supp. 2000) (permitting board of emergency services district to order election to increase tax rate); *id.* § 794.0181(a) (Vernon Supp. 2000) (permitting board of commissioners of rural fire prevention district located in Harris County to order election to increase maximum tax rate); TEX. LOC. GOV'T CODE ANN. § 326.094(a) (Vernon 1999) (authorizing board of library district to call election to change or abolish local sales-and-use-tax rate).

    We accordingly conclude that a hospital district governed by article IX, section 9 and chapter 286 of the Health and Safety Code does not have the authority to put the issue of a tax increase to the voters. Although we may agree with the statements in your letter that permitting an election to raise the maximum tax rate, not to exceed seventy-five cents, "is in the best interest" of the hospital district's residents and preserves a balance of legislative and local control, *see* Request Letter, *supra*, at 2, the fact is that neither the constitution nor chapter 286 expressly authorizes the District to hold such an election. *Cf.* Tex. Att'y Gen. Op. No. JM-859 (1988) at 9 (admitting that legislature may delegate to voters in hospital district authority to change tax rates). Given our conclusion, we do not answer your second question.

## S U M M A R Y

    A hospital district governed by chapter 286 of the Health and Safety Code may not hold an election to increase the maximum tax rate that the voters approved in an election to convert from a chapter 282 hospital district.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee