## KIMMINS v. ESTES.
### No. 4354.

Court of Civil Appeals of Texas. Amarillo.
Feb. 11, 1935.

Rehearing Denied March 11, 1935.

W. I. Gamewell, of Canyon, for appellant.
Ray G. Cowsert, of Dimmitt, for appellee.

MARTIN, Justice.

Appellant in the district court of Castro county filed his petition for a mandamus against appellee as ex officio county superintendent of public schools of Castro county to compel him to approve serially certain vouchers aggregating $280, issued to him by Arney Common School District No. 6 of said county.

His petition is very lengthy and only the substance of its essential allegations will be stated. He alleged: Facts which showed a legal 'contract to teach a nine months' term of school for said district during the school year 1932–1933; the performance by him of said contract for six months at the end of which time he was notified not to teach further because of lack of funds; he alleged the presence of sufficient available per capita and maintenance funds in the treasury to pay his said vouchers; that he did not agree to quit teaching, but actually did none after six months; that thereafter, in the following spring, a majority of the said board of trustees, acting as such, issued to him the vouchers in question; their registration by appellee, and his refusal to approve same; an appeal to the county school trustees of Castro county from the ruling of appellee; a decision adverse to him by said school trustees; proper notice of appeal to the courts; and prayed for a writ of mandamus to compel the approval of said vouchers by appellee to the end that he might receive the money thereon.

A general demurrer was sustained by the trial court to appellant's said petition, and appellant declining to amend, his suit was dismissed.

The particular reason assigned here to sustain such action was lack of jurisdiction in the district court because appellant failed to appeal to the state superintendent of public instruction, or, expressed otherwise, he failed to exhaust the legal remedies given him by law before resorting to the courts. The reason would be sound under former statutes as has been frequently held, but in 1927 the Legislature enacted the following law: "All appeals from the decision of the County Superintendent of Public Instruction shall lie to the County Board of School Trustees, and should either party decide to further appeal such matters, they are here given the right to elect to appeal to any court having proper jurisdiction of the subject matter; or to the State Superintendent of Public Instruction as now provided by law, provided the election of which course of appeal the party or parties desire to pursue, shall be given within five days from the final decision of said County Board of School Trustees, provided this act shall not apply to any controversy now pending or to any orders of school authorities made more than five days before this act becomes effective." Article 2686, Vernon's Ann. Civ. St.

By its express terms the option is given the aggrieved party to appeal to the state superintendent or to "any court having prop-

er jurisdiction of the subject matter." Both appellant and appellee apparently have overlooked the recent case of Miller v. Smiley (Tex. Civ. App.) 65 S.W.(2d) 417 (writ ref.), where the exact point raised by appellee here was decided adversely to him. We, can add nothing to the reasoning of this case, and upon this authority we sustain appellant's assignment alleging error in sustaining appellee's general demurrer.

 We cannot reverse and render this case as contended for by appellant. For the purpose of a demurrer, we assume alleged facts as true, but we cannot. render a judgment on pleadings, especially where, as here, an- answer is filed which puts in issue the truth of the allegations of appellant's petition. The district court would have no jurisdiction to determine a controversy over $280, but has if the issuance only of a mandamus is involved.

We deem it advisable in this case to reverse and remand for a full hearing, particularly in view of the statute of 1927, which gives the proper court the right to take cognizance of the entire controversy, as it existed before the county school trustees.

Reversed and remanded.