### PLAINS COMMON CONSOL. SCHOOL DIST. NO. 1 OF YOAKUM COUNTY v. HAYHURST.

No. 5066.

Court of Civil Appeals of Texas. Amarillo.

Dec. 5, 1938.

Lawrence L. Barber, of Seagraves, Crenshaw & Dupree and Jas. H. Milam, all of Lubbock, J. E. Garland, of Lamesa, and R. P. Moreland, of Plains, for appellant.

W. A. Griffis, Jr., of Seagraves, and Bradley & Wilson, of Lubbock, for appellee.

FOLLEY, Justice.

On September 12, 1938, the appellant, Plains Common Consolidated School District No. 1 of Yoakum County, Texas, acting through a majority of its trustees, filed suit in the district court of Yoakum County against Warner Hayhurst and the remainder of the trustees of such school district. The appellant alleged that Warner Hayhurst had theretofore been employed as superintendent of schools for such district, but that he was no longer in such employment; that the appellant had employed H. W. Taylor as superintendent for the school years 1938–1939 and 1939–1940; that Taylor had taken over the duties as superintendent and had proceeded to open the regular fall term of such school on September 12, 1938; and that on such date Warner Hayhurst and the other defendants created a disturbance in and about said school and were interfering with the orderly conduct of such school. The appellants prayed for an injunction restraining the defendants from interfering with the operation of the school.

The trial court entered a temporary order restraining the defendants from interfering with the operation of the school and set the cause down for hearing for September 21, 1938 to determine whether a temporary injunction should issue pending the trial on its merits.

Warner Hayhurst, the appellee herein, filed his answer and cross-action, making H. W. Taylor a cross-defendant in his cross-action, and alleged that he was upon April 5, 1938 duly elected by the majority of the qualified trustees of the district as superintendent for the school years 1938–1939 and 1939–1940; that on April 6, 1938 a majority of the duly qualified trustees entered into a written contract with him for such employment; that such contract had been approved by the county school superintendent of Yoakum County; that H. W. Taylor, the acting superintendent, did not have a valid contract; that the appellee presented himself at the school house on September 12, 1938 to perform the duties of superintendent, but that a majority of the board of trustees refused to permit him to so act; that such conduct on the part of the trustees constituted a breach of his contract; that he was duly qualified to act as superintendent; that the school district did not have sufficient funds to pay his salary and that of Taylor; that the trustees were issuing vouchers and paying Taylor a salary as superintendent; that such payments constituted a misappropriation of the funds of said school district, and, unless restrained from so doing, said trustees would issue other warrants to Taylor; that he, therefore, would not be able to collect his salary as superintendent and had no adequate remedy at law; and asked for a temporary injunction restraining the school board from paying out any further sums to Taylor, and that upon final hearing said injunction be made permanent and his rights as superintendent be recognized.

On September 17, 1938, after two hearings on the matter, the trial court entered an order dissolving the restraining order theretofore issued, denied the appellant school district any temporary relief, and granted on behalf of appellee a temporary writ of injunction restraining the school board from issuing any further vouchers to Taylor pending a hearing on the merits. From such judgment granting the temporary injunction the appellant school district has brought this appeal attacking the authority of the court to grant the temporary injunction under the record as presented.

It is conceded by the parties that the Plains Common Consolidated School District No. 1 is a consolidated common school district with seven trustees. A portion of such trustees are elected upon the first Saturday in April of each year. The appellee, Hayhurst, in April, 1938, was superintendent of such school and had been such superintendent since 1936. The contract under which he was then acting was to expire June 30, 1938. Before the April election in 1938 the board of trustees was composed of J. V. O'Neal, E. D. Webb, Mrs. Mollie Smith, Mrs. H. D. Heath, Jr., A. M. Howard, Roy Fitzgerald and A. N. Addison. Of this board O'Neal was president and Mrs. Heath was secretary. In the election for school trustees on Saturday, April 2, 1938, K. W. Whisenant was a candidate for trustee. Whisenant was not a member of the school board at that time. At the close of the election he was reported to have been elected in the place then held by J. V. O'Neal. No other changes were effected in the personnel of the school board, although Mrs. Mollie Smith was reported to have been re-elected.

On Tuesday night, April 5th, following the election on Saturday preceding, a

meeting of the school board was held. At such time the results of the Saturday election had neither been canvassed nor declared, and no certificate of election had been issued to Whisenant. Notwithstanding such fact, Whisenant, in company with the appellee, Hayhurst, appeared before the county judge of Yoakum county, took an oath of office as trustee and attended the school board meeting. At such meeting J. V. O'Neal, who was then president of the school board, suggested that, since it had been reported that Whisenant had been elected in his place, he would step aside and allow Whisenant to act as trustee. The school board voted to seat Whisenant and proceeded to elect Mrs. Smith its president, and E. D. Webb its secretary. After such action O'Neal allowed Whisenant to take his seat but remained in the assembly room without any voice in the proceedings. Thereupon a motion was made to elect the appellee as superintendent to succeed himself. The motion was put to a vote and three of the old trustees voted for the motion and three against the motion. Whisenant voted for the election of appellee and such motion was declared carried in favor of Hayhurst's selection as superintendent for the next two years. The next day, April 6, 1938, a written contract was entered into between Hayhurst on the one hand and Whisenant, Howard, Fitzgerald and Addison on the other, as the purported majority of the trustees of the school district. Such instrument, which provided that it should become operative on September 1, 1938, unless otherwise agreed upon, was approved by the county school superintendent of Yoakum County on the day it was executed. Thereafter, on April 11, 1938, the Commissioners Court of Yoakum County met and canvassed the returns of the trustee election and declared Whisenant and Mrs. Smith duly elected. On this same date a commission of election was issued to Whisenant which was signed by J. V. O'Neal in his official capacity as president of the school board, and by Mrs. H. D. Heath, Jr., secretary, although at the meeting on April 6th, Mrs. Smith had been elected president and E. D. Webb secretary of the school board. After receiving this commission Whisenant took another oath of office as trustee, which, according to his testimony, was about May 15, 1938.

On June 7, 1938, a contract was made by a majority of the trustees of such school district employing H. W. Taylor as its superintendent for the school years of 1938–1939 and 1939–1940, such contract to become operative, unless otherwise agreed upon, on July 1, 1938. The contract with Taylor was signed by Mrs. Smith, Mrs. Heath, E. D. Webb and K. W. Whisenant, as members of the school board, the latter member having obligingly signed both contracts in question. At the time the contract was made with Taylor there is no contention made that the four trustees who signed it were not duly qualified as such trustees. The contract with Taylor was not approved by the county superintendent. His excuse for not approving it was that he had theretofore approved the contract of Hayhurst for the same position.

About July 11, 1938, the school board, by a majority vote, notified the appellee that his contract had expired on June 30, 1938, that he was no longer superintendent, and requested him to turn over to the secretary of the school board all property and books in his possession. The appellee appealed from such action to the county superintendent of Yoakum County, who held a hearing on August 17, 1938. At such hearing it developed, and the superintendent found, that the notice upon which the appeal was predicated referred to Hayhurst's old contract made in February, 1936, and had no reference to the purported contract of the date of April 6, 1938. Arthur Cotton, the county superintendent, testified in the hearing before the trial court that upon his learning at the hearing before him that the notice did not refer to the instrument of April 6th, but referred to the old 1936 contract of the appellee, he dismissed the hearing and "threw the litigants in the case out of court." However, regardless of such action in declaring the hearing dismissed, he entered an order, apparently without the knowledge of the trustees of appellant, which not only found that the notice from which the appeal was made referred to the old contract and not the new, but further found that the instrument of April 6th was a valid, legal and binding contract. Taylor was not a party to such purported hearing and his contract is not shown to have been presented or passed upon before the county school superintendent.

On September 12, 1938, Taylor and Hayhurst each presented himself at the school house of the district and proffered his services as superintendent of the school. After some little disturbance which precip-

itated the filing of the original petition in this cause, a majority of the trustees notified Hayhurst that he had no contract to act as superintendent, refused to allow him to enter upon his duties as such, and permitted Taylor to take charge of the school. From such action of the school board, the appellee, on September 19, 1938, filed a formal appeal to the county school superintendent of Yoakum County, alleging that the acts of the school board on September 12th were tantamount to a dismissal of the appellee as superintendent and a breach of his contract of April 6th. This appeal is still pending before the county superintendent of Yoakum County, no hearing having been had thereon.

■ In connection with the hearing before the county school superintendent on August 17, 1938, wherein such superintendent found the instrument of April 6, 1938, a valid contract, the appellee contends such finding was, in effect, a final determination in his favor as to his rights as superintendent of the school of the appellant district. In view of the record as presented, we cannot agree with such contention. By the findings of the county superintendent, the notice issued to appellee, upon which the appeal was predicated, had nothing to do with the instrument of April 6th. It referred only to the old contract which expired by its own terms on June 30, 1938. The validity of the instrument of April 6th by the county superintendent's own findings was not then before him for determination. At such time there had been no dismissal of Hayhurst under the instrument of April 6th; at least, that is, in effect, what the county superintendent found. Moreover, the present issue in controversy as to the respective and conflicting rights of the two claimants to the office of superintendent was neither presented nor determined in the hearing before the county school superintendent.

Under the state of facts as presented in the record before us, it is our opinion that the trial court abused his discretion in granting the temporary injunction herein. Although there has been no trial upon the merits and the validity of the instrument of April 6th is not before us for final determination, it becomes necessary for us to pass upon its validity in the light of the facts presented to the trial court in order to pass upon the question of the trial court's authority for granting the temporary injunction herein. Certainly, if the appellee had no valid contract, he was not entitled to the temporary injunction pending a trial upon the merits, since his whole claim is based upon the instrument of April 6, 1938.

■ The law provides that the term of office of a trustee of a common consolidated school district shall begin on the first day of May following his election. It further provides that his term of office shall be for a term of two years thereafter. Article 2808 of Vernon's Annotated Revised Civil Statutes of the State of Texas provides that any vacancy that occurs in such a school board shall be filled by the board of county school trustees and not by the trustees of the school district.

"A resignation of a public office, to be effective, must be made with the intention of relinquishing the office, accompanied by the act of relinquishment." 46 C.J. 979, para. 132. So far as the record shows, no resignation by J. V. O'Neal was presented to the board of county school trustees and no action was obtained from such body. Article 18, Vernon's Annotated Revised Civil Statutes of Texas, provides that: "Each officer, whether elected or appointed under the laws of this State, * * * shall hold his office for the term provided by law and until his successor is elected or appointed and qualifies; * * *." The testimony shows that O'Neal merely stepped aside momentarily while the purported election of Hayhurst took place yet a few days thereafter, as a member of the school board, he signed the certificates of election of both Whisenant and Mrs. Smith. Moreover, if O'Neal had legally resigned, the only body with authority to appoint Whisenant was the county board of school trustees which had nothing to do with Whisenant's assumption of the duties of the office of school trustee.

■ Under a general provision of the Constitution, Vernon's Ann.St.Const. art. 16, § 17, "all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." In construing this provision of the Constitution, in 34 Tex.Jur. 370, para. 31, we find this language: "The purpose of the constitutional and statutory provisions requiring officers to hold over until their successors have qualified is to prevent vacancies in office and a consequent cessation of the functions of government. The constitutional provision is self-executing, and, like the similar provisions in the statutes, it is mandatory. Under the Constitu-

tion an officer cannot arbitrarily divest himself of the obligation and authority to perform the duties of his office until his successor qualifies; and even though he resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies. * * *"

It is, therefore, our opinion that O'Neal had not relinquished his office as school trustee, and if he had, Whisenant on the date. of the purported selection of Hayhurst was not legally a trustee and had no authority to act as such. The contention of the appellee that Whisenant was a de facto officer must fall, first, because there was no vacancy on the board at such time for him to occupy; and secondly, because the fundamental doctrine of a de facto existence was absent from the situation then involved. As was said in 22 R.C.L. 589, para. 307: "The de facto doctrine was introduced into the law as a matter of policy and necessity, to protect the interests of the public and individuals, where those interests were involved in the official acts of persons exercising the duties of an office, without being lawful officers. It was seen that it would be unreasonable on all occasions to require the public to inquire into the title of an officer, or compel him to show title, especially since the public has neither the time nor the opportunity to investigate the title of the incumbent. But it should be noted that·the legal doctrine as to de facto officers rests on the principle of protection to the interests of the public and third parties, and not on the rights of rival claimants. The law validates the acts of de facto officers as to the public and third persons on the ground that, though not officers de jure, they are in fact officers whose acts public policy requires should be considered valid." In the instant case Hayhurst was not only cognizant of all the facts in connection with Whisenant's assumption of the office of trustee, but he was a moving cause of such action by reason of his accompanying Whisenant to the county judge's office where the purported oath was administered, as well as his appearance with Whisenant at the meeting of the school board.

■ Under the facts and circumstances of this case, we think the instrument of April 6th upon which the appellee bases his claim was invalid and of no force and effect because it was signed by less than a majority of the then qualified members of the appellant school board. Such being

true, we think the court was without authority, under the evidence in the record, to issue the temporary injunction pending a hearing upon the merits.

■ In view of a trial upon the merits of this case, it is our opinion, under the record as presented, that before the district court should try this case upon the merits, the appeal of Hayhurst now pending before the county superintendent of Yoakum county in connection with his dismissal by the school board on September 12, 1938, should be heard and the rights of Hayhurst and Taylor fully determined. Article 2686 of Vernon's Annotated Revised Civil Statutes of Texas provides that all appeals from the county superintendent shall lie to the county board of school trustees; and that from this board the aggrieved parties may elect to appeal directly to the court having proper jurisdiction or to the State Superintendent of Public Instruction. Article 2656 of Vernon's Annotated Revised Civil Statutes of Texas provides that the state superintendent "shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State. *.* * He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board." As was said in Donna Independent School Dist. et al. v. First State Bank of Donna et al., Tex.Civ. App., 227 S.W. 974, 975, "It seems to be the fixed policy of the Legislature to create an educational system of public free schools that is sufficient unto itself and free as far as practical from any interference by the judiciary. The courts fully recognize the desire of the legislative branch of the state government and uniformly hold that the remedies provided for before school authorities must be exhausted before the courts will interfere."

In a similar situation to that presented in the instant case, in the case of·Bear v. Donna Independent School Dist. et al., 74 S.W.2d 179, 180 (Writ Refused), Judge Murray, speaking for the San Antonio Court of Civil Appeals, said: "It is argued by appellant that, in view of the fact that he was in effect discharged without notice or hearing, he would not be required to appeal to higher school authorities, but should be permitted to seek redress from such unlawful act on the part of the school

board in the courts. We cannot agree with this contention. The controversy in this case finally resolves itself into a dispute between appellant and appellee Carter as to which one has the legal right to the position of superintendent of schools of the Donna District. Such controversy should be first submitted to the proper school authorities before resort can be had to the courts."

■ Under the authorities on the subject, we think the question of whether Hayhurst or Taylor has the right to the office of superintendent of schools for the appellant district should be first submitted to the school authorities before resort may be had to the courts. Thomas et al. v. McGown et al., Tex.Civ.App., 94 S.W.2d 839; Temple Independent School Dist. et al. v. Proctor, Tex.Civ.App., 97 S.W.2d 1047 (Writ Refused); Miller v. Smiley et al., Tex.Civ.App., 65 S.W.2d 417 (Writ Refused); Martin v. Grandview Independent School Dist., Tex.Civ.App., 266 S.W. 607 (Writ Refused); South San Antonio Independent School Dist. et al. v. Martine, Tex.Civ.App., 275 S.W. 265, Writ Refused Tex.Sup., 277 S.W. 78; Moreland v. Wynne, Tex.Civ.App., 62 S.W. 1093; Harkness v. Hutcherson et al., 90 Tex. 383, 38 S.W. 1120; Kimmins v. Estes, Tex.Civ. App., 80 S.W.2d 387; Smith v. Morton Independent School Dist., Tex.Civ.App., 85 S.W.2d 853 (Writ Dismissed); State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S.W.2d 1069; Chastain et al. v. Mauldin et al., Tex.Civ.App., 32 S.W.2d 235; State ex rel. Cosgrove et al. v. Perkins, 139 Mo. 106, 40 S.W. 650; McCollum et al. v. Adams et al., Tex.Civ.App., 110 S.W. 526; Moore Common School Dist. No. 2 of Frio County et al. v. Frio County Board of School Trustees et al., Tex.Civ.App., 90 S.W.2d 288.

■ We think the rule is well settled by the above authorities that the aggrieved parties in the instant case may appeal from the action of the county school superintendent to the county board of school trustees, and from there they may appeal either to the courts or to the state superintendent. If the appeal is prosecuted to the state superintendent the aggrieved parties must further appeal to the state board of education before resorting to the courts. In either event, we think the law clearly provides in a case of this sort that resort may be had to the courts by a party who is dissatisfied with either the ruling of the county board of school trustees or of the state board of education. In the case of Los Angeles Heights Independent School Dist. et al. v. Whitehead, Tex.Civ. App., 34 S.W.2d 895, 896, the court said: "The controversy does not appear to be one in which the school authorities have final or conclusive discretion. It does not involve questions merely of regulation, or policy, or the employment or discharge of teachers or employees of the public schools of the district, or any other question merely incident to the management and control of those schools. It involves, on the other hand, the sole question of whether Whitehead was legally elected to and timely accepted the office of district superintendent, under circumstances constituting a legal and binding contract between the local board and Whitehead. The issue is thus resolved into a controversy over the legal rights and liabilities of the parties, which is a judicial question which the parties have the right to have finally determined in the courts."

■ We are not disposed to hold that the trial court was without jurisdiction of any of the subject matter of this suit pending a hearing before the school authorities. The school authorities are powerless to preserve the peace of the community involved and are equally impotent, in many instances, to preserve the status quo of the subject matter of the suit. Resort may, therefore, be had to the courts for such temporary relief as may be justifiable, either for the protection of society or for the preservation of the rights of litigants which might otherwise be destroyed pending a determination on the merits. In the instant case, we are of the opinion that the court had jurisdiction of the subject matter involved in the temporary injunction but erred in granting the relief by reason of the insufficient showing of the appellee as a basis for the relief. Such being our conclusions, the cause will not be dismissed for want of jurisdiction but will be reversed and remanded for further proceedings, in accordance with this opinion.

Reversed and remanded with instructions.