

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXWILLXWILSONX
ATTORNEY GENERAL

Honorable L. L. Geren
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:

Attention: Mr. Norton Fox

Opinion No. O-5288
Re: Election and term of office
of trustees of consolidated
common school district.

We have before us your letter of May 8, 1943, in which you ask the opinion of this department upon the following question:

"In the election of school trustees for consolidated common school districts are the election of trustees to be governed by Article 2808 RCS. or Article 2774a, Sec. 3, RCS.?"

Article 2808 was originally enacted in 1919 (Acts 1919, 36th Leg., 2nd C.S., Ch. 65, H.B. 148, p. 167), and Article 2774a, in 1930 (Acts 1930, 41st Leg., 5th C.S., Ch. 66, S.B. 30, p. 212). Article 2808 and Section 3 of Article 2774a provide, in part, as follows:

Article 2808. "The board of county school trustees at its next meeting after such consolidation of school districts is declared, shall appoint a board of seven trustees for the consolidated district. No person shall be trustee who cannot read and write the English language understandingly, and who has not been a resident of this State one year, and of the district six months, prior to his appointment or election. The terms of office of three of the trustees so appointed shall expire on the first day of May next following their appointment, and the terms of office of the other four trustees shall expire on the first day of May of the succeeding year, as those so appointed shall determine by lot. Each year thereafter alternately three trustees and four trustees shall be elected by the qualified voters of the district on the first Saturday of April and trustees so elected shall enter upon the discharge of their duties on the first day of May next following and serve for a term of two years thereafter. District trustees shall qualify by taking the official oath which shall be filed with the county superintendent of the county wherein

the district is situated.  The board of trustees after being
qualified shall immediately organize by electing one of their
number president and another secretary, a report of which
organization shall be filed with the county superintendent.
The board of county school trustees shall fill any vacancy
by appointment until the next regular election for district
trustees. * * * * *" (Emphasis added).

Article 2774a, Sec. 3.  "The board of county school
trustees at its next meeting after the consolidation of
school districts is declared shall appoint a board of seven
trustees for the consolidated district.  No person shall be
trustee who cannot read and write the English language under-
standingly, and who has not been a resident of this State one
year, and of the district six months, prior to his appointment
or election.  Those elected at the first election shall deter-
mine by lot the term for which they are to serve.  The three
members drawing numbers one, two and three shall serve for one
year, the two members drawing numbers four and five shall
serve for two years and the two members drawing numbers six
and seven shall serve for three years, or and until their
successors are elected and qualified; and regularly thereafter
on the first Saturday in April of each year three trustees
or two trustees shall be elected for a term of three years
to succeed the trustees whose term shall at that time expire.
The members of the board remaining after a vacancy shall fill
the same for the unexpired term. * * *" (Emphasis added).

The underscored part of each statute was quoted by you in your
letter of request.  Therefore, we presume that you are interested in the
question whether the term of office of the trustees is governed by Article
2808 or by Section 3 of Article 2774a.

Article 2808 provides for a two year term and the election of
four trustees and three trustees, respectively, in alternate years.
Section 3 of Article 2774a provides for a three year term and the elec-
tion of three trustees, two trustees, and two trustees, respectively,
every third year.  Article 2808 provides that the terms of office of
three members of the school board appointed by the county board after a
consolidation shall expire on the first day of May next following their
appointment, and that those of the other four shall expire on the first
day of May of the succeeding year.  Section 3 of Article 2774a evidently
sets the election and qualification of trustees in April next following
the appointment of the original board as the expiration date of the terms
of office of all seven appointed trustees.

The inconsistencies between the two statutes are quite apparent.
We must, therefore, determine which enactment will prevail where there is
a conflict between the two.  As we have heretofore mentioned, Article 2808
was enacted in 1919, and Article 2774a was enacted in 1930.  Section 7 of
the 1930 Act reads as follows:

"Sec. 7. All laws and parts of laws, both general and special, in conflict with the provisions of this act are hereby repealed."

We quote the following from Texas Jurisprudence, Volume 39, page 131:

"In the absence of any constitutional prohibition against such method, a general repealing clause is effective to repeal prior enactments to the extent that they are inconsistent with, or repugnant to the terms of the later Act."

You are, therefore, advised that Article 2808 is repealed insofar as it is inconsistent with the terms of Section 3 of Article 2774a, and that where there is such a conflict, Section 3 of Article 2774a should be followed and the election and terms of office of consolidated common school district trustees should be governed accordingly.

We are aware that it may be contended that grounds for a contrary conclusion may be found in the case of Plains Common Consolidated School District No. 1 of Yoakum County v. Hayhurst (Civ. App.), 122 S.W. (2d) 322. In that case the court, among other things, stated the following:

"The law provides that the term of office of a trustee of a common consolidated school district shall begin on the first day of May following his election. It further provides that his term of office shall be for a term of two years thereafter. Article 2808 of Vernon's Annotated Revised Civil Statutes of the State of Texas provides that any vacancy that occurs in such a school board shall be filled by the board of county school trustees and not by the trustees of the school district."

Section 3 of Article 2774a states that the term of office of a trustee of a consolidated school district shall be for three years. It is also provided that the members of the board remaining after a vacancy shall fill the same for the unexpired term. Although the Hayhurst case was decided after Article 2774a was enacted, yet, evidently, said article was neither urged nor was it before, or considered by, the court. In other words, the court did not determine whether Section 3 of Article 2774a or Article 2808 would prevail in case of a conflict between the two.

On the basis of what we have said, it is our opinion that where the provisions of Article 2808 and Section 3 of Article 2774a conflict with respect to the election and terms of office of trustees of consolidated common school districts, Section 3 of Article 2774a will prevail and should be followed.

Honorable L. L. Geren, page 4

        This opinion is expressly limited in scope and effect to the specific question considered.

                                Very truly yours

                        ATTORNEY GENERAL OF TEXAS


                                By s/George W. Sparks
                                    George W. Sparks
                                            Assistant

GWS-s-wc


APPROVED MAY 14, 1943
 s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman