

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 25, 1957

Honorable Robert S. Calvert　　　　　Opinion No. WW-304
Comptroller of Public Accounts
State of Texas　　　　　　　　　　　Re: The status of a member of
Capitol Station　　　　　　　　　　　　　a Board or Commission whose
Austin, Texas　　　　　　　　　　　　　　appointive term has ex-
　　　　　　　　　　　　　　　　　　　　pired during the recess of
　　　　　　　　　　　　　　　　　　　　the Senate and whose suc-
　　　　　　　　　　　　　　　　　　　　cessor has not been ap-
　　　　　　　　　　　　　　　　　　　　pointed and submitted to
　　　　　　　　　　　　　　　　　　　　the Senate of the First
　　　　　　　　　　　　　　　　　　　　Session of the Legislature
　　　　　　　　　　　　　　　　　　　　convening after the expir-
Dear Mr. Calvert:　　　　　　　　　　　ation of the member's term.

　　　　　You have requested an opinion of this office concern-
ing the status of a member of a Board or Commission whose ap-
pointive term has expired during the recess of the Senate and
whose successor has not been appointed and submitted to the
Senate of the First Session of the Legislature convening after
the expiration of the member's term.　In your request you have
presented the following question:

　　　　　"Please advise me the present official status
　　　　of this Board Member, if any, and whether I am
　　　　authorized to issue warrant in payment of his
　　　　salary as of this date."

　　　　　This request is based on the following facts which are
set forth in your letter:

　　　　　"The official term of a duly qualified Board
　　　　Member (a State Agency) expired after the Regular
　　　　Session of the Fifty-fifth Legislature adjourned
　　　　and before the First Called Session of the Fifty-
　　　　fifth Legislature convened.　The duly qualified
　　　　Board Member serving at the time the term expired
　　　　continues to function as a Member of the Board at
　　　　the present time.

　　　　　"So far as I am able to determine neither the
　　　　name of this Board Member nor any other name was

submitted to the Senate of the First Called
Session of the Fifty-fifth Legislature for
confirmation for the ensuing term and no
confirmation was considered or made."

This matter involves the possible application of
the following constitutional provisions and statutes of the
State of Texas:

(1)  Section 12 of Article IV of the Constitution of
Texas, which provides in part:

"Sec. 12.  All vacancies in State or district
offices, except members of the Legislature, shall
be filled unless otherwise provided by law, by
appointment of the Governor, which appointment,
if made during its session, shall be with the
advice and consent of two-thirds of the Senate
present.  If made during the recess of the Senate,
the said appointee, or some other person to fill
such vacancy, shall be nominated to the Senate
during the first ten days of its session.  If
rejected, said office shall immediately become
vacant, and the Governor shall, without delay,
make further nominations, until a confirmation
takes place.  . . ."

(2)  Section 17 of Article XVI, Constitution of Texas,
which provides:

"All officers within this State shall continue
to perform the duties of their offices until their
successors shall be duly qualified."

(3)  Article 18, Vernon's Civil Statutes, which pro-
vides in part:

"Each officer, whether elected or appointed
under the laws of this State, and each Commis-
sioner, or member of any board or commission
created by the laws of this State, shall hold
his office for the term provided by law and
until his successor is elected or appointed
and qualifies; . . ."

Your request indicates that in each case the indi-
vidual has served a prior term as a duly qualified member of
the respective board and is continuing to function as a mem-
ber of that Board.

Honorable Robert S. Calvert, page 3.    (WW-304)


Section 12 of Article IV, Constitution of Texas, provides the method for the filling of vacancies in State offices. Though it specifically provides that should the appointee be rejected, the office shall immediately become vacant, the section is silent as to any requirement which would force the Governor to make an appointment within a given period of time. In as much as no successor has been appointed and no appointment is required within a specific time, we believe that, therefore, Section 12 of Article IV, Constitution of Texas, has no application to the facts presented. On the other hand, Section 17 of Article XVI, Constitution of Texas, and Article 18, Vernon's Civil Statutes, are applicable.

The Court, in Plains Common Consolidated School District No. 1 v. Hayhurst, 122 S. W. 2d 322 (Tex.Civ.App. 1938, no writ history) clearly indicates the purpose of Section 17, Article XVI, Constitution of Texas, and Article 18, Vernon's Civil Statutes, in holding:

"The purpose of the constitutional and statutory provisions requiring officers to hold over until their successors have qualified is to prevent vacancies in office and a consequent cessation of the functions of government. The constitutional provision is self-executing, and, like the similar provisions in the statutes, it is mandatory. Under the Constitution an officer cannot arbitrarily divest himself of the obligation and authority to perform the duties of his office until his successor qualifies; and even though he resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies. . . ."

An incumbent who holds over continues in office with all the powers incident to that office until a successor has duly qualified and during such time is a de jure and not a de facto officer. 35 Tex. Jur. 373, Section 31.

It is, therefore, our opinion that under the provisions of Section 17, Article XVI, Constitution of Texas, and Article 18, Vernon's Civil Statutes, the official status of the subject Board Member is that of a de jure officer and that such individual is in fact obligated to continue to serve as a member of the particular Board to which appointed until such time as a successor has been appointed and duly confirmed under the provisions of Section 12 of Article IV, Constitution of Texas,

even though one or more sessions of the Legislature may convene in the interim.  It follows that it is also our opinion that you are, therefore, authorized to issue a warrant in payment of the subject Member's salary as of this date.

## S U M M A R Y

A Member of a Board or Commission whose appointive term has expired during the recess of the Senate and whose successor has not been appointed and submitted to the Senate of the First Session of the Legislature convening after the expiration of the Member's term, is a de jure officer and is authorized to serve as a member of the particular Board to which appointed until his successor has been appointed and qualifies.  The individual member is, therefore, entitled to receive any salary earned as a Member of the particular Board or Commission.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Wayland C. Rivers, Jr.

WCR:pf:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

C. K. Richards
J. C. Davis, Jr.
Leonard Passmore
B. H. Timmins, Jr.
John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  James N. Ludlum