

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Oscar Reeder, Chairman
Texas State Board of Public
  Accountancy
3301 Northland Drive
Suite 600
Austin, Texas    78731

Opinion No.  MW-562

Re:   Construction of section 4(g) of article 41a-1, V.T.C.S. concerning attendance and vacancies of board members

Dear Mr. Reeder:

You ask several questions concerning the construction of section 4(g) of the Public Accountancy Act of 1979, article 41a-1, V.T.C.S. This section reads as follows:

> (g)  Each member of the board shall be present for at least one-half of the regularly scheduled board meetings held each year.  Failure of a board member to meet this requirement automatically removes the member from the board and creates a vacancy on the board.

You first ask whether article XV, section 7 of the Texas Constitution imposes procedural requirements upon the removal of a board member for absenteeism.

Article XV, section 7 provides as follows:

> The Legislature shall provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution.

Members of the Texas State Board of Public Accountancy are officers. See V.T.C.S. art. 41a-1, §§4(a), 5(b); see also Attorney General Opinion MW-415 (1981).

It is well established that when the constitution prescribes the mode for removing an officer, the legislature may not authorize removal in another mode. Dorenfield v. State ex rel. Allred, 73 S.W.2d 83 (Tex. 1934); Knox v. Johnson, 141 S.W.2d 698 (Tex. Civ. App. - Austin 1940, writ ref'd).  Although the statute does speak of automatic removal, the removal must be pursuant to a trial, which

entails the judicial investigation and determination of issues between parties. Dorenfield v. State ex rel. Allred, supra. Where a board member has allegedly failed to meet the attendance requirement, the removal procedure would be by writ of quo warranto. See V.T.C.S. arts. 5996, 5997, 6253 and 6257. See also Attorney General Opinion H-226 (1974).

You inform us that in each case where a member of your board has been unable to attend more than 50% of the scheduled meetings he has submitted his resignation to the governor. The governor is in such cases authorized to appoint a successor upon acceptance of the resignation. However, until the successor is appointed and qualifies, the board member continues in office pursuant to article XVI, section 17 of the Texas Constitution. Plains Common Consolidated School District Number 1 of Yoakum County v. Hayhurst, 122 S.W.2d 322 (Tex. Civ. App. - Amarillo 1938, no writ); see also Attorney General Opinion M-659 (1970).

You next inquire about the reporting procedure necessary to implement section 4(g) of article 41a-1. Article 6253, V.T.C.S., provides that when a public officer has done an act which works a forfeiture of his office, the attorney general may petition the district court for leave to file an information in the nature of quo warranto. Possible infractions may be reported to this office if you wish a quo warranto proceeding to be pursued. See Stamps v. Title, 167 S.W. 776 (Tex. Civ. App. - Galveston 1914, no writ). Moreover, it would be appropriate to report a possible infraction to the governor, who would appoint a replacement when the office is vacated.

You next ask the following question:

> What constitutes being 'present' at a board meeting? If the meeting is scheduled for two or three days, does attendance for one day constitute being present as contemplated by the section?

In our opinion, the board itself should make a reasonable determination as to what constitutes compliance with the attendance requirement in the context of its own meeting schedule. The board's determination can be reviewed in a judicial proceeding to remove a board member for absences.

You next ask what constitutes the term "each year," within section 4(g) of article 41a-1, V.T.C.S. That is, is "each year" a biennium beginning September 1, a fiscal year beginning September 1, a calendar year beginning January 1, or each 365 days beginning with the date of appointment of a particular member. Since the term "year" has not been modified by the term "fiscal" or in any other manner, it is our opinion that the legislature most likely intended the proper

construction to be calendar year. <u>See</u> V.T.C.S. art. 23(16). Where a term is not defined in a statute, courts will determine legislative intent by relying on the language the legislature used, and will apply the "ordinary signification" to statutory language. <u>Beef Cattle Company v. N. K. Parrish, Inc.</u>, 553 S.W.2d 220, 222 (Tex. Civ. App. - Amarillo 1977, no writ).

Finally, you ask what effect an "automatic" vacancy has on the definition of a "quorum" if a board member is removed for excessive absences and a successor has not been appointed. Section 5(b) provides that "a majority of the board" constitutes a quorum for the transaction of business. The quorum of a board remains at all times a majority of the authorized membership, even though there are vacancies on the board. <u>See generally</u> <u>Thomas v. Abernathy County Line Independent School District</u>, 290 S.W. 152 (Tex. Comm'n App. 1927, jdgmt adopted); Attorney General Opinion O-761 (1939). There is no statute which excepts the board from this general rule. <u>Compare</u> Educ. Code §23.18. Of course, board members who have merely tendered their resignations will continue to serve pursuant to article XVI, section 17 of the constitution until the governor appoints a successor. It is their duty to attend such meetings until the successor qualifies.

## S U M M A R Y

Section 4(g) of article 41a-1, V.T.C.S., requires that members of the Texas State Board of Public Accountancy must be present for at least one-half of regularly scheduled board meetings held each calendar year. Failure of a board member to meet this requirement disqualifies him from membership on the board and subjects him to the possibility of removal by judicial proceedings. Possible infractions of this requirement may be reported to the attorney general or the governor.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Bruce Youngblood