Mr. John R. Hale Commissioner Credit Union Department 914 East Anderson Lane Austin, Texas 78752-1699
Re: Whether attendance of a quorum of members of the Texas Credit Union Commission at a board meeting of the Texas Share Guaranty Credit Union is a "meeting" under article 6252-17, V.T.C.S. (RQ-1763)
Dear Mr. Hale:
The Credit Union Commission is required to promulgate reasonable rules requiring credit unions to provide share and deposit insurance protection for their members and depositors, "including the authorization and establishment of a share and deposit guaranty corporation or credit union under the exclusive regulation of the department. . . ." V.T.C.S. art. 2461-11.10(e). Pursuant to this authority, the commission has established Texas Share Guaranty Credit Union (TSGCU) to provide share and deposit insurance protection for Texas-chartered credit unions. Rules governing its operation are codified at 7 Texas Administrative Code sections 95.1 through 95.507.
The TSGCU is managed by a board of directors, although certain of its powers may be exercised only subject to the approval of the credit union commissioner. 7 T.A.C. §§ 95.5, 95.201, 95.310. Each member of the Credit Union Commission, as well as the commissioner, his representative, or the deputy commissioner, is permitted to attend any meeting of the board of directors of the TSGCU. Id. § 95.204. You are concerned about the effect of the Open Meetings Act when members of the Credit Union Commission attend meetings of the board of directors of TSGCU, a separate body. You inquire whether the Credit Union Commission would hold a meeting subject to the Open Meetings Act if a quorum of commissioners were to attend a TSGCU board meeting.[1]
You first ask:
 Would attendance of a quorum of commissioners at TSGCU's board meeting constitute a `meeting' under the Texas Open Meetings Act?
The definition of "meeting" in the Open Meetings Act states in part:
 `Meeting' means any deliberation between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, at which any public business or public policy over which the governmental body has supervision or control is discussed or considered. . . . (Emphasis added.)
V.T.C.S. art. 6252-17, § 1(a).
"Deliberation," a key term in the definition of "meeting," is defined as follows:
 `Deliberation' means a verbal exchange during a meeting between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, concerning any issue within the jurisdiction of the governmental body or any public business.
Id. § 1(b).
If a quorum of members of the Credit Union Commission engages in deliberations as defined above, it will be holding a meeting within the Open Meetings Act. Mere physical presence of a quorum of Credit Union Commissioners in the same room without such deliberations does not establish a meeting within the Open Meetings Act. See generally Attorney General Opinion H-785 (1976).
Although you inquire only about the attendance at TSGCU meetings by a quorum of board members, we believe you should also be aware of section 4(b) of the Open Meetings Act, which provides in part:
 Any member or group of members of a governing body who knowingly conspires to circumvent the provisions of this Act by meeting in numbers less than a quorum for the purpose of secret deliberations in contravention of this Act shall be guilty of a misdemeanor. . . . (Emphasis added.)
V.T.C.S. art. 6252-17, § 4(b).
You next ask:
 If the commission has a vacancy, could attendance of a majority of the commission members constitute a quorum? For example if there are at some time only 7 commission members, would attendance of 4 at a TSGCU meeting be a `meeting'?
As an initial matter, we direct your attention to article XVI, section 17, of the Texas Constitution, which provides as follows:
All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified.
When deciding whether a vacancy exists, it is necessary to consider the effect of this provision. For example, when an officer resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies. Jones v. City of Jefferson, 1 S.W. 903 (Tex. 1886); Plains Common Consol. School Dist. No. 1 v. Hayhurst, 122 S.W.2d 322
(Tex.Civ.App.-Amarillo 1938, no writ). Thus, an individual serving on the board in a holdover capacity under article XVI, section 17, of the Texas Constitution will still have the powers and duties of a board member, and his presence will count toward making up a quorum of the board.
The Credit Union Commission consists of nine members. V.T.C.S. art. 2461-11.01(a). A majority of the membership of the commission constitutes a quorum for the purpose of transacting any business. Id. art. 2461-11.06(b). The quorum of a board remains a majority of the positions authorized for the board, even though there are vacancies. Thomas v. Abernathy County Line Indep. School Dist., 290 S.W. 152 (Tex. 1927); Walker v. Walter,241 S.W. 524, 528 (Tex.Civ.App.-Fort Worth, no writ); Attorney General Opinion O-761 (1939); Letter Opinion LO-88-45 (1988); see Ramirez v. Zapata County Indep. School Dist., 273 S.W.2d 903
(Tex.Civ.App.-San Antonio 1954, no writ). Thus, five members of the commission constitute a quorum whether or not some positions on the commission are vacant.
Your third question is as follows:
Would a `meeting' be avoided if no `deliberation' occurred?
 a. If commission members sit silently, does that avoid `deliberation'?
 b. May the commission members ask questions without that constituting `deliberation'? If so, could a member ask a follow-up question, or would that constitute a `deliberation'?
 c. May a commission member make a statement at the meeting without constituting `deliberation'?
"Deliberation" is defined in section 1(b) of the act as
 a verbal exchange during a meeting between a quorum of members of a governmental body, or between a quorum of members of a governmental body and any other person, concerning any issue within the jurisdiction of the governmental body or any public business.
V.T.C.S. art. 6252-17, § 1(b).
"Verbal" is defined as "of or relating to words." Webster's 3d New International Dictionary 2542 (1961). If members of the Credit Union Commission in attendance at a meeting of the TSGCU engage in a verbal exchange "concerning any issue within the jurisdiction of the governmental body or any public business" they will be conducting deliberations. See Attorney General Opinions JM-1058 (1989); JM-248 (1984); MW-417 (1981); MW-28
(1979). Compare Attorney General Opinion MW-390 (1981) with Attorney General Opinion JM-640 (1987). If the credit union commissioners sit silently and engage in no exchanges of words whatsoever, they will not be holding deliberations.
In the other hypothetical situations you pose, one member of the Credit Union Commission addresses a question or statement to the TSGCU board of directors. If other members of the Credit Union Commission follow with their questions or statements to the TSGCU board, the possibility of indirect deliberations between credit union commissioners arises — that is, deliberations by means of addressing remarks intended for one another to the TSGCU board. Whether sequential questions or statements addressed to the TSGCU board by different commission members constitute deliberations is a fact question that cannot be answered as a matter of law in an attorney general opinion. Nor can we predict when a statement by one credit union commissioner to the TSGCU will elicit an answering statement by another commissioner, so that the commissioners find themselves involved in deliberations without having consciously formed the intent to deliberate.
In considering your hypothetical cases we are mindful of this possibility for indirect deliberations. If a commission member asks a question or makes a statement to the TSGCU board of directors, that alone will not constitute deliberation between or among members of the Credit Union Commission. Nor will there be deliberations because the same commission member asks a follow-up question. If, however, other members of the Credit Union Commission then address their statements or questions to the TSGCU board, a possibility arises that deliberations have taken place.
 SUMMARY
If a quorum of members of the Credit Union Commission attends a meeting of the board of directors of the Texas Share Guaranty Credit Union (TSGCU) but does not engage in deliberations as defined by the Open Meetings Act, it will not be holding a meeting subject to the Open Meetings Act.
A majority of the membership of the Credit Union Commission constitutes a quorum for the purpose of transacting any business. In the event of a vacancy on the commission, the quorum still consists of a majority of the positions authorized for the board.
If members of the Credit Union Commission present at a meeting of the TSGCU engage directly or indirectly in a verbal exchange "concerning any issue within the jurisdiction of the governmental body or any public business" they will be conducting deliberations as defined by the Open Meetings Act. Indirect deliberations would occur when credit union commissioners speak to the TSGCU board in turn, addressing to it remarks intended for the other commissioners. Whether the commissioners have engaged in deliberations in a given case is a fact question.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Susan L. Garrison Assistant Attorney General
[1] Meetings of the TSGCU board of directors are apparently held in accordance with the law applicable to credit unions, and not the Open Meetings Act. See 7 T.A.C. §§ 95.203, 95.204. Any questions about the establishment and operation of TSGCU are