

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

February 4, 1991

Honorable Maida Modgling
County Attorney of Medina County
Medina County Courthouse
Hondo, Texas 78861

Opinion No. DM-2

Re: Application of nepotism law when an officer holds over, and construction of prior continuous service provisions of nepotism law (RQ-2160)

Dear Ms. Modgling:

You ask several questions about the Texas nepotism law, article 5996a, V.T.C.S. As background, you inform us that the city council of Devine, a Type A general-law municipality, has, by ordinance, delegated to its city administrator the authority to hire city employees. See Local Gov't Code § 22.071 (governing body of general-law municipality may appoint officers and agents). You explain that when the brother of a member of the city council applied for employment with the city, the city administrator took the position that the nepotism law prevented the city from hiring him. As a consequence, the city council member resigned. The city then hired his brother.

Your first question is whether the nepotism law would in fact prohibit the city from hiring the brother of a city council member if the city had delegated all hiring decisions to a city administrator. The nepotism law prohibits a member of a governing body from voting for the hiring of a person related to any member of the body within a prohibited degree.[1] Delegation of hiring decisions does not relieve the members of the governing body of the burdens of the nepotism law. Attorney General Opinion O-4686 (1942). You bring to our attention, however, Attorney General Opinion O-5274 (1943), which stated that a city could hire a relative of a member of the city's governing body because the city's charter prohibited members of the governing body from participating in hiring decisions. That holding is not inconsistent with Attorney General Opinion O-4686. The applicability of the nepotism law depends on whether an officer may exercise control over hiring decisions. Pena v. Rio Grande City Consol. Indep. School Dist., 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981, no writ); Attorney General Letter Advisory LA-148 (1977). The governing body of a home-rule city may not, by ordinance, override a provision of the city

---

1. The council member is related to his brother in the first degree. See Attorney General Opinion JM-581 (1986) (describing method for computing degrees of kinship).

charter. Tex. Const. art. XI, § 5. In this instance, the grant of authority to the city administrator was made by ordinance, which the city council has the power to repeal. Local Gov't Code § 51.001 (regarding adoption and repeal of city ordinances). Therefore, the city administrator correctly advised that the city could not hire the brother of a member of the city's governing body.

Several of your other questions are based on the assumption that the resignation of the council member resolved the nepotism problem. We must point out, however, that the council member would continue to serve in a holdover capacity until replaced.[2] Plains Common Consol. School Dist. No. 1 of Yoakum County v. Hayhurst, 122 S.W.2d 322, 326-27 (Tex. Civ. App. - Amarillo 1938, no writ); Tex. Const. art. XVI, § 17. Although the council member's resignation would create a vacancy that could be filled in accordance with section 22.010 of the Local Government Code, the nepotism statute would continue to bar the hiring of his brother as long as the council member held over. Attorney General Opinion JM-636 (1987).

Your final question is in regard to the construction of subsection (b) of section 1 of article 5996a, which provides:

> Nothing herein contained, nor in any other nepotism law contained in any charter or ordinance of any municipal corporation of this State, shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship, employment or duty for the following period prior to the election or appointment, as applicable, of the officer or member related to such employee in the prohibited degree:
>
> (1) at least 30 days, if the officer or member is appointed;
>
> (2) at least six months, if the officer or member is elected at an election other than the general election for state and county officers; or
>
> (3) at least one year, if the officer or member is elected at the general election for state and county officers.

---

2. A person can divest himself of an office by qualifying for and entering upon the duties of another office that he cannot lawfully hold at the same time. Pruitt v. Glen Rose Indep. School Dist. No. 1, 84 S.W.2d 1004 (Tex. 1935); see also Attorney General Opinion JM-423 (1986) (officer does not hold over when appointment rejected by Senate).

In other words, a relative of an officer may continue in his position if he has served for a specified length of time before the related officer's election or appointment.

You ask how long the brother must have worked for the city in order to retain his job if the other brother were either reappointed or re-elected to the city council. See Local Gov't Code § 22.010(b) (filling vacancy on governing body by appointment); id., § 22.010 (c), (d) (filling vacancies by election). As we have discussed, the nepotism law would not permit the hiring of the brother of the council member unless the council member had ceased to hold over. In answering your question, we will assume that the brother's hiring was valid.

If the former council member were elected to fill a council vacancy at a special election, his brother would be able to retain his job if he had served for the six months preceding the election. V.T.C.S. art. 5996a, § (b)(2) (applicable when officer is elected); see generally Attorney General Opinion JM-636 (1987). If the former council member were appointed to fill a vacancy, his brother would be able to retain his job if he had served for 30 days before his brother's appointment. V.T.C.S. art. 5996a, § 1(b)(1) (applicable when officer is appointed). It has been suggested that subsection (b)(2), which sets out the prior continuous service requirement for relatives of an officer elected to his position, should apply in the case of a person who is appointed to an elective office. The language of subsection (b) of section 1 of article 5996a does not, however, support that suggestion. It makes the six-month prior continuous service requirement applicable "if the [related] officer or member is elected." V.T.C.S. art. 5996a, § 1(b)(2). It makes the 30-day requirement applicable "if the [related] officer or member is appointed." Id. § 1(b)(1). Those requirements are not linked to types of office, but rather to the manner by which an individual succeeds to an office. We think a court would apply those provisions in accordance with their literal language, especially since there are criminal penalties attached to violations of the nepotism law. V.T.C.S. art. 5996f (making violation of nepotism laws a misdemeanor involving official misconduct). See Papachristou v. City of Jacksonville, 405 U.S. 156 (1972) (holding that due process requires that criminal statutes give fair notice of the activity that is outlawed).

## SUMMARY

Members of a city council do not avoid the prohibitions of the nepotism law, article 5996a, V.T.C.S., by delegating the responsibility to hire city employees. The nepotism law applies to a city council member who has resigned but who is holding over in his office. The 30-day prior continuous service requirement in subsection (b)(2) of

section 1 of the nepotism law applies when an officer is appointed to an elective office.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

SUSAN GARRISON
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General